IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE E. LINSKY,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant.<br>                                     / | No. C 07-03482 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER** |

      Currently before the Court is plaintiff's motion for relief from the Court's May 20, 2008 Order remanding this action to the Commissioner of Social Security. In that order, this Court denied the parties' cross-motions for summary judgment and remanded the case to permit the ALJ to more fully explain his reasons for rejecting a treating physician's opinion and to consult with a medical expert regarding the onset date of plaintiff's disability, among other things. Following that order, the Appeals Council of the Social Security Administration issued an order remanding the case to an ALJ "for further proceedings consistent with the order of the court." *See* Docket No. 27. Because the ALJ had previously found that plaintiff was disabled and entitled to benefits after August 26, 2005, and because the Appeals Council apparently discovered that plaintiff had earned some income in 2005, 2006, and 2007, the Appeals Council also directed the ALJ to "develop the record further to clarify the record concerning the claimant's earnings and possible work activity." *Id.* Plaintiff now asks this Court to direct the Appeals Council to remand the case to the ALJ with limiting instructions to address only the matters discussed in the Court's May 20, 2008 Order, rather than also revisiting the issue of plaintiff's recent earnings and her disability after August 2005.

      While it is true that the Court affirmed the ALJ's decision that plaintiff was disabled after August

26, 2005 – because the parties did not argue otherwise – plaintiff cites no authority indicating that the Appeals Council may not revisit this finding of disability while also correcting the errors made by the prior ALJ and addressed by this Court in its recent order. Defendant correctly notes that the Commissioner of Social Security may, within four years, "reopen a decision if there is 'good cause' to do so, as where '[n]ew and material evidence is furnished.'" *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988) (citing 20 C.F.R. §§ 404.988(b), 404.989(a)(1)); *see also* 20 C.F.R. § 404.987(b) ("We may reopen a final determination or decision on our own initiative . . . . [I]f we reopen the determination or decision, we may revise that determination or decision."). Thus, it appears that even if the Court had not remanded this action to the Commissioner, the Appeals Council still could have reopened the decision finding plaintiff disabled after August 26, 2005, as long as there was good cause to do so.

Plaintiff does not address or dispute the Commissioner's authority to reopen, and instead advances numerous arguments on the merits of whether plaintiff's earnings constitute "substantial gainful activity." These arguments are better made to the ALJ in the first instance, and can later be made on appeal, if necessary, to this Court. The Court notes, however, that if plaintiff is correct that the ALJ has already considered evidence of plaintiff's earnings in 2005 and 2006, and determined that plaintiff was not engaged in "substantial gainful activity," it would likely be an abuse of discretion for the ALJ to revisit that decision absent new and material evidence – beyond the already-presented evidence of plaintiff's earnings – that would constitute good cause.

Plaintiff's motion for relief is DENIED [Docket No. 24]. The Court also DENIES as moot defendant's motion for a more definite statement [Docket No. 25].

**IT IS SO ORDERED.**

Dated: October 11, 2008

SUSAN ILLSTON
United States District Judge

2