IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE E. LINSKY, | No. C 07-03482 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

Plaintiff has filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Having considered the papers submitted, and for good cause shown, plaintiff's motion is GRANTED.

**BACKGROUND**

Plaintiff Denise Linsky originally applied for disability insurance benefits under Titles II and XVI of the Social Security Act on September 27, 2004. The Social Security Administration denied her application initially on March 15, 2005 and upon reconsideration on June 28, 2005. Plaintiff requested a hearing and, on April 20, 2006, appeared with counsel and testified before an Administrative Law Judge ("ALJ"). In a decision dated June 29, 2006, the ALJ found that plaintiff was disabled as of August 26, 2005, but not before that date. Plaintiff requested review of the ALJ's decision by the Appeals Council, which declined review on August 2, 2007. Plaintiff appealed to this Court on December 4, 2007.

The parties filed cross-motions for summary judgment. On May 20, 2008, this Court denied both summary judgment motions and remanded the matter for further administrative proceedings.

[Docket No. 16] The Court found that the ALJ had erred by (1) disregarding the opinion of plaintiff's treating physician, Dr. Ann Kim, without clear and convincing evidence for doing so, and (2) failing to consult a medical expert to resolve the ambiguity regarding the onset of plaintiff's disability. The Court also determined that the ALJ had supported his finding that plaintiff was not credible, but should revisit this determination on remand after resolving the medical conflicts. The Court concluded that the ALJ's decision was not based on substantial evidence.

Now before the Court is plaintiff's motion for attorneys' fees and costs incurred in preparing plaintiff's motion for summary judgment, related pleadings, and the present motion for attorneys' fees.

## LEGAL STANDARD

Under section 2412(d) of the EAJA, reasonable attorneys' fees and costs may be awarded to the prevailing party in a civil action against the United States, including a proceeding for judicial review of an agency action. *See* 28 U.S.C. § 2412(d). The plaintiff is entitled to attorneys' fees and costs unless the Court finds that the position of the United States is substantially justified. *See id.* In *Pierce v. Underwood*, the Supreme Court defined "substantially justified" as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). When the ALJ's decision was reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of the plaintiff's claim was substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). "Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id.* The burden of establishing substantial justification is placed with the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). However, the government's position need not be correct to be substantially justified. *See Pierce v. Underwood. See* 487 U.S. at 566 n.2.

//

# DISCUSSION

**1. The Government's Decision to Defend on Appeal the Procedural Errors Committed by the ALJ Was Not Substantially Justified.**

Plaintiff argues that the government's position was not substantially justified because, as the Court concluded in its May 20 Order, the ALJ failed to provide clear and convincing evidence for discounting the opinion of plaintiff's treating physician and failed to consult a medical expert to resolve the ambiguity regarding the onset of plaintiff's disability. The Court agrees. The ALJ's error in failing to provide clear and convincing reasons for rejecting a treating physician's opinion constitutes a "fundamental procedural error." *See Shafer*, 518 F.3d at 1072. The ALJ also committed a basic procedural error by failing to consult a medical advisor on the medical question of when plaintiff's disability began. *See Armstrong v. Comm'r of Social Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).

The government's only argument that it was substantially justified in defending the procedural errors of the ALJ is that plaintiff did not raise the issue the failure of the ALJ to credit the opinion of Dr. Kim in her opening brief. This is not correct. Plaintiff requested in her opening brief that the matter be remanded in order for the ALJ to "properly weigh[] Dr. Kim's medical source statement." *See* Pl. Mot. for Summ. J., at 21. [Docket No. 12] In any event, this argument does not address the government's decision to defend the ALJ's basic procedural error in failing to consult a medical expert. Accordingly, the Court finds that the government has not met its burden in establishing that its decision to defend the procedural errors of the ALJ on appeal was substantially justified.

**2. Plaintiff's Requested Award is Reasonable**

Plaintiff requests reimbursement of $4,434.02 in attorneys' fees and costs and supports this request with detailed time records from plaintiff's attorney. This request reflects 5.6 hours of work by plaintiff's counsel (at a rate of $169.38/hour) and 35.6 hours by counsel's paralegal, for a total of 41.2 hours. The government recognizes that plaintiff's request falls within the range of acceptable fee awards, but challenges several of the tasks for which plaintiff seeks reimbursement. Plaintiff has requested reimbursement for 3.3 hours of clerical work by counsel's paralegal. This work was billed at $50/hour, while the paralegal's regular fee is $100/hour. The government argues that clerical tasks

are not compensable under the EAJA. This is incorrect. While "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them" such non-legal work may be billed at a lesser rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Here, plaintiff has properly sought reimbursement of clerical work performed by a paralegal at a rate lower than the paralegal's regular fee. The government has not established that the rate of $50/hour "clerical" fee requested by plaintiff is excessive.

The government also argues that (1) the 6.5 hours spent researching and drafting the opening brief should be reduced to 4 hours and (2) the 4.5 hours of work by the paralegal to draft the EAJA application should be reduced to 2.3 hours. The Court finds that the time spent on these motions was not unreasonable and declines to reduce the hours of compensable work.[1]

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorneys' fees and costs in the amount of $4,434.02.

**IT IS SO ORDERED.**

Dated: 1/27/09

SUSAN ILLSTON
United States District Judge

---

[1] The government also disputes plaintiff's request relating to a nonexistent motion to remand. Plaintiff has corrected this error in her reply brief.